UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALMA ROSAS,   No. 08-11146

Debtor(s).   Chapter 13
_____/

Memorandum on Motion to Avoid Lien
_____

Creditor Wells Fargo Bank concedes that it holds a third deed of trust on the debtor's real property at 1609 G Street, Napa, California, and all but concedes that the value of the property does not exceed the obligations secured by the first and second deeds of trust. However, it objects to Chapter 13 debtor Alma Rosas' motion to void its lien under § 506(d) of the Bankruptcy Code as permitted by *In re Zimmer,* 313 F.3d 1220 (9th Cir. 2002), on grounds that the debtor made a mistake by having already obtained an order voiding the second lien on the same grounds. Wells Fargo's argument is that it has moved up to second position, where there is some equity according to its appraiser.

While the court follows Wells Fargo's tortured logic based on the language of § 506(d) of the Bankruptcy Code, it declines to go along with it. That section provides that to the extent that a lien secures a claim that is not an allowed secured claim, the lien is void unless the claim is not allowed only because a claim was not filed. Wells Fargo's argument is that by moving against the second deed of trust holder first the debtor rendered the second deed of trust void, thereby moving Wells Fargo into second position. Section 551 of the Code avoids this result as to property of the estate, but arguably not as to property of the debtor.

1

The flaw in Wells Fargo's logic is its assumption that a lien is not voided under § 506(d) until a motion is brought to value it. However, unlike other avoidance sections which provide that a trustee or debtor *may avoid* a lien or transfer (e.g. § 522(f), § 547(b), § 548(b), § 549(a)), § 506(d) provides that a lien not secured by value in collateral *is void*. This distinction is clearly noted in § 551, which differentiates between avoided transfers and liens void under § 506(d). This means that a motion under § 506(d) is technically not brought to avoid a lien, but only to declare that it is already void as a matter of law. There is therefore no need for the debtor to bring motions in reverse order of seniority to avoid juniors moving up a notch.

Wells Fargo argues that the property is worth $450,000.00 and that the first deed of trust (to Wells Fargo Home Mortgage, a related entity) has a balance due of $367,000.00. The second deed of trust was scheduled by the debtor as securing a debt of $150,000.00. If these numbers are correct, or if the amount owed to the second was anything over $83,000.00, then even assuming Wells Fargo's value is correct (the debtor scheduled the property at $350,000.00) the Wells Fargo lien secured by the third deed of trust is void.

If Wells Fargo concedes that the obligation secured by the second deed of trust is at least $83,000.00, its objection will be overruled and its counsel shall approve a form of order prepared by the debtor's counsel granting the debtor's motion. If Wells Fargo is not prepared to so concede, the debtor shall arrange a further evidentiary hearing. In any further proceedings, it shall be deemed without controversy that Wells Fargo has not moved up from third to second position by virtue of a motion under § 506(d) having been granted as to the second, and that the motion must be granted if the obligations secured by the first and second deeds of trust exceed the value of the property.

Dated: April 20, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2